# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS C. BRIONES,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY HEDGPETH, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01987-OWW-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 10)<br><br>THIRTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.  Screening Requirement**

Plaintiff Jesus C. Briones, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 31, 2008.  Pending before the Court is Plaintiff's second amended complaint, filed November 16, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal, 129 S.Ct. at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## II.    Discussion

### A.    Summary of Second Amended Complaint

Plaintiff's original and first amended complaints were dismissed, with leave to amend, for failure to state any claims under section 1983. In his second amended complaint, Plaintiff again attempts to state claims for violation of his constitutional rights arising from a race-based lock-down at Kern Valley State Prison. Plaintiff names Warden Anthony Hedgpeth, Associate Warden J. Cust, and Facility Captain G. R. Hudson as defendants, and he seeks damages and an order prohibiting Kern Valley State Prison from imposing race-based lock-downs on inmates.

### B.    Eighth Amendment Claim

Plaintiff alleges a violation of the Eighth Amendment arising from the denial of outdoor exercise and fresh air during the lock-down. Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff is required to set forth sufficient factual allegations demonstrating each defendant's personal participation in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Because there is no respondeat superior liability under section 1983, each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Plaintiff alleges that black and Hispanic inmates were placed on lock-down, purportedly for engaging in behavior likely to lead to violence. Plaintiff contends that information upon which the lock-down was based was false and that prison officials knew or should have known of its falsity. Plaintiff was on lock-down status for more than eighty-eight days, and he alleges that policies prepared by Defendant Hudson and approved by Defendants Cust and Hedgpeth led to the violation of his rights.

Inmates have a constitutional right to outdoor exercise under the Eighth Amendment, and the denial of the opportunity to exercise for approximately eighty-eight days is sufficiently serious to satisfy the objective component of an Eighth Amendment claim. Thomas, 611 F.3d at 1151-52. However, Plaintiff must also make a showing as to the subjective element of his claim and he has not done so. Farmer, 511 U.S. at 847; Thomas, 611 F.3d at 1150-51; Richardson, 594 F.3d at 672. Plaintiff's conclusory allegation that the policy was prepared by Defendant Hudson and approved by Defendants Cust and Hedgpeth falls short of adequately linking them to a decision or policy that was deliberately indifferent to inmates' health. Iqbal, 129 S.Ct. at 1949-50. Plaintiff fails to state a plausible claim against Defendants Hedgpeth, Cust, and Hudson for violation of the Eighth Amendment, and the Court recommends dismissal of the claim. Id.

    **C.**    **Equal Protection Claim**

Plaintiff alleges that he was subject to the lock-down because it affected Hispanic inmates and he is classified as a Southern Hispanic. Plaintiff challenges the lock-down as race based, in violation of his right to equal protection.

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). Rase-based classifications such as that at issue here are immediately suspect and are subject to strict scrutiny, which requires the government to demonstrate, at the appropriate stage in the litigation, that the classification was narrowly tailored to serve a compelling government interest. Johnson v. California, 543 U.S. 499, 505-09, 125 S.Ct. 1141 (2005); Richardson, 594 F.3d at 671.

Here, Plaintiff's equal protection claim suffers from the same deficiency as his Eighth Amendment claim. Plaintiff has not adequately linked the defendants named in this action to the violation complained of. Therefore, Plaintiff fails to state a plausible claim against Defendants Hedgpeth, Cust, and Hudson for violation of the Equal Protection Clause. Iqbal, 129 S.Ct. at 1949-50. The Court recommends dismissal of the claim.

### III. Conclusion and Recommendation

Plaintiff's second amended complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was given detailed notice of the deficiencies and an opportunity to amend on two previous occasions. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). A third attempt to cure the deficiencies is neither required nor warranted.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state any claims under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///
///
///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 13, 2011**                               /s/ Sandra M. Snyder
                                                     UNITED STATES MAGISTRATE JUDGE